USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

No. 02-1669

TOMÁS DE JESÚS MANGUAL,

Plaintiff, Appellant,

JORGE MEDINA; CARIBBEAN INTERNATIONAL NEWS CORPORATION,

Movants, Appellants,

v.

ANGEL E. ROTGER-SABAT, Secretary of Justice of the Commonwealth
of Puerto Rico; JOHN DOE,

Defendants, Appellees.

ERRATA SHEET

 The opinion of this Court issued on January 21, 2003 is
amended as follows:

 Replace the paragraph beginning on page 20, line 24 and ending
on page 21, line 15 with the following: 

 If events have transpired to render a court opinion
merely advisory, Article III considerations require dismissal of
the case. See County of Los Angeles v. Davis, 440 U.S. 625, 631
(1979). The doctrine of mootness enforces the mandate "that an
actual controversy must be extant at all stages of the review, not
merely at the time the complaint is filed." Steffel, 415 U.S. at
460 n.10. Thus, mootness can be viewed "as 'the doctrine of
standing set in a time frame.'" United States Parole Comm'n v.
Geraghty, 445 U.S. 388, 397 (1980) (quoting H.P. Monaghan,
Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363,
1384 (1973)). The Supreme Court has qualified this description and
made clear that standing and mootness are not completely analogous
doctrines: "there are circumstances in which the prospect that a
defendant will engage in (or resume) harmful conduct may be too
speculative to support standing, but not too speculative to
overcome mootness." Friends of the Earth, Inc. v. Laidlaw Envtl.
Servs. (TOC), Inc., 528 U.S. 167, 190 (2000). This is because the
burden of establishing mootness rests squarely on the party raising
it, and "[t]he burden is a heavy one." United States v. W.T. Grant
Co., 345 U.S. 629, 633 (1953). It must be "absolutely clear that
the allegedly wrongful behavior could not reasonably be expected to
recur." United States v. Concentrated Phosphate Export Ass'n, 393
U.S. 199, 203 (1968). We exercise de novo review when determining
whether a case is moot. Verhoeven v. Brunswick Sch. Comm., 207
F.3d 1, 5 (1st Cir. 1999).